**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

| | | |
|---|---|---|
| RONALD K. DAVIS | ] | |
| Plaintiff, | ] | |
| vs. | ] | Civil Action No.: ____________________ |
| | ] | |
| JOHN D. BROWN, INDIVIDUALLY, JAMES SINGLETARY IN HIS CAPACITY AS CHIEF OF POLICE FOR THE CITY OF BEAUMONT, TEXAS POLICE DEPARTMENT, AND THE CITY OF BEAUMONT TEXAS | ] ] ] | |
| Defendant. | ] | |

PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW, Plaintiff RONALD K. DAVIS (hereinafter "Plaintiff"), by and through the undersigned attorneys, and hereby files this Complaint pursuant to FRCP 15 (a) (1) (B) against Officer JOHN D. BROWN, in his individual capacity (hereinafter "Defendant Brown"); JAMES SINGLETARY, in his capacity as Chief of Police and Chief Policymaker for The City of Beaumont, Texas Police Department; and, THE CITY OF BEAUMONT, TEXAS.

JURISDICTION AND VENUE

1.

This Court has original subject matter jurisdiction under 28 U.S.C. § 1331 and § 1343(4) over Plaintiff's claims under the U.S. Constitution, which are brought both directly under 42 U.S.C. § 1983.

2.

This Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C § 1367 because it is so related to the federal claims that it forms part of the same case or controversy under Article III of the U. S. Constitution.

3.

This Court has personal jurisdiction over all Defendants because the individual defendants reside in Texas, and the City of Beaumont is a subdivision of the State of Texas.

4.

Venue is proper in this District under 28 U.S.C § 1391(b)(1)(2). All of the events giving rise to this Complaint occurred within this District.

PARTIES

5.

At all times relevant hereto, Plaintiff Ronald K. Davis was and is a citizen of Beaumont, Texas.

6.

At all times relevant hereto, Defendant John D. Brown was/is a citizen of the United States and a resident of the State of Texas. John D. Brown was acting under the color of state law in his capacity as a law enforcement officer employed by The City of Beaumont, Texas Police Department.

7.

At all times relevant hereto, Defendant, James Singletary, was/is a citizen of the United States and a resident of the State of Texas. Defendant, James Singletary, was/is the Chief of Police for The City of Beaumont, Texas Police Department and was the chief policymaker for same.

8.

Defendant John D. Brown is sued in his individual capacity. Defendant, John D. Brown may be served with process by serving The City of Beaumont, Texas at: **Mayor Robin Mouton, c/o City of Beaumont, TX, P.O. Box 3827, Beaumont, TX 77704-3827** and/or **801 Main St., Beaumont, TX 77701,** or wherever he may be found.

9.

Beaumont Police Chief, James Singletary, may be served with process by serving The City of Beaumont, Texas at: **Mayor Robin Mouton, c/o City of Beaumont, TX, P.O. Box 3827, Beaumont, TX 77704-3827** and/or **801 Main St., Beaumont, TX 77701.**

10.

Defendant, The City of Beaumont, Texas on behalf of The City of Beaumont Police Department, may be served with process by serving: **Mayor Robin Mouton, c/o City of Beaumont, TX, P.O. Box 3827, Beaumont, TX 77704-3827** and/or **801 Main St., Beaumont, TX 77701.**

11.

## FACTUAL ALLEGATIONS

Events that Occurred on January 21, 2020:

12.

On January 21, 2020, Plaintiff Ronald K. Davis was at this home in Beaumont, Texas. He was expecting a visit from a friend. Davis' friend pulled into the driveway and parked under Davis' carport when Officer Brown, who had been trailing in a Beaumont Police vehicle, initiated an arrest of the friend. Officer Brown came on to Ronald Davis' property to make the arrest of the friend. The friend was handcuffed against the police car. Davis was not a suspect of

any crime and there was no probable cause to take any actions against Davis at the time of the arrest of the friend.

13.

Ronald Davis, seeing what was going on, stepped out of his home, into his yard and watched the police make what appeared to be a harassing arrest of his friend. Davis started filming the interaction. Officer Brown, after cuffing the friend, approached Ronald Davis in a threatening manner. Davis was in the process of videoing the arrest, and was yards away from Brown during the arrest of the friend.

14.

While Davis was filming, Officer Brown became incensed. He grabbed Davis, instructed another officer to help, and threw Davis to the ground. Davis landed on his back. While on the ground, Officers Brown and the second officer forcefully rolled Davis over onto his stomach, placed his knees in the small of Davis' back and handcuffed Davis. While on his stomach, Davis was requesting an explanation as to why he was being assaulted, arrested and what laws had been broken. Rather than explain, at Brown's command, the officers grabbed both of Davis' arms and began to pull the 300+ pound Davis up. Davis explained that he was over 300 pounds and would be injured. Brown continued to forcefully lift and did, in fact, cause bodily injury to Mr. Davis including but not limited to current neurotrophies.

15.

Ronald Davis was then arrested and charged with the crimes of resisting arrest and interfering with public duties. The probable cause affidavit was filled out by Michael Pratt.

16.

In April 2021, the charge of "resisting arrest/search" was dismissed "in the interest of justice". In June, 2021, the charge of "interfering with public duties" was refused by the district attorney.

17.

At all times relevant, Defendant Brown was acting under the color of state law in his capacity as a law enforcement officer employed by The City of Beaumont, Texas Police Department.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### 42 U.S.C. § 1983-Excessive Force in Violation of the Fourth Amendment

(Against Defendant Brown)

18.

Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 17 of this Complaint.

42 U.S.C. § 1983 provides that:

> Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress .....

19.

Defendant John D. Brown in this claim is a person for purposes of 42 U.S.C § 1983.

20.

Defendant John D. Brown was at all times relevant hereto, acting under the color of state law in his capacity as an Officer of The City of Beaumont, Texas Police Department and his acts or omissions were conducted within the scope of his official duties or employment.

21.

At the time of the complained events, Plaintiff had a clearly established constitutional right under the Fourth and Fourteenth Amendment to be secure in his person from unreasonable seizure through excessive force.

22.

Plaintiff also had the clearly established Constitutional right under the Fourth and Fourteen Amendments to bodily integrity and to be free from excessive force by law enforcement.

23.

Any reasonable Beaumont Police Officer knew or should have know of these rights at the time of the complained of conduct as they were clearly established at that time.

24.

Defendant John D. Brown's actions and use of force, as described herein, was objectively unreasonable in light of the facts and circumstances confronting him and violated the Fourth and Fourteenth Amendment rights of Plaintiff, Ronald K. Davis.

25.

Defendant John D. Brown's actions and use of force, as described herein, were also malicious and/or involved reckless, callous, and deliberate indifference to the Plaintiff's federally protected rights. The force used by Defendant John D. Brown shocks the conscience and violated the Fourth and Fourteenth Amendment rights of the Plaintiff.

26.

Defendant John D. Brown unlawfully seized Plaintiff by means of objectively unreasonable, excessive, and conscious shocking physical force. The force used was excessive and caused the physical injuries of Plaintiff.

27.

Defendant John D. Brown engaged in the conduct described by this Complaint willfully, maliciously, in bad faith, and in reckless disregard of Plaintiff's federally protected constitutional rights and with conscious awareness that Defendant could cause severe bodily harm.

28.

The acts or omissions of Defendant John D. Brown was the moving force behind Plaintiff's injuries. The acts or omissions of Defendant John D. Brown as described herein intentionally deprived Plaintiff of his constitutional rights and caused him other damages. Defendant John D. Brown is not entitled to qualified immunity for his actions.

29.

As a proximate result of Defendant John D. Brown's unlawful conduct, Plaintiff was injured. As a further result of Defendant John D. Brown's unlawful conduct, Plaintiff incurred special damages, including medical expenses and other special damages related expenses, in amounts to be established at trial.

30.

Plaintiff is entitled to attorney's fees and costs pursuant to 42 U.S.C §1988, prejudgment interest and costs as allowable by federal law. There may also be special damages.

31.

In addition to compensatory, economic, consequential, and special damages, Plaintiff is entitled to punitive damages against each of the individually named defendant under 42 U.S.C §

1983, in that the actions of this individual Defendant has been taken maliciously, willfully or with a reckless or wanton disregard of the constitutional rights of Ronald K. Davis.

**SECOND CLAIM FOR RELIEF**
**Battery**
(Against Defendant Brown)

32.

Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 31 of this Complaint.

33.

Defendant John D. Brown's actions against Ronald K. Davis were unreasonable and utilized excessive force. At the time Ronald K. Davis was slammed to the ground, he was unarmed and posed no threat to John D. Brown. Ronald K. Davis remained calm and informed the officer that he was not resisting. Defendant John D. Brown acted with a disregard for the safety of the general public, constituted an intentional unwelcome and unprivileged touching of Ronald K. Davis, and was undertaken in bad faith and with actual malice.

34.

As further direct and proximate result of the conduct described above, Ronald K. Davis suffered irreparable damage to his right wrist and hand and other injuries. Ronald K. Davis suffered loss of his liberty and freedom, bodily injury resulting in pain and suffering, mental anguish, and medical expenses for treatment and care.

**THIRD CLAIM FOR RELIEF**
**False Imprisonment**
(Against Defendant Brown)

35.

Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 34 of this Complaint.

36.

Defendant Brown slammed Plaintiff onto the ground. Defendant Pratt joined Defendant Brown in restricting Plaintiff's movement, detaining Plaintiff by placing handcuffs on his wrists, removing Plaintiff's freedom to move, holding him against his will.

37.

Further, the Defendants arrested Plaintiff and escorted Plaintiff to the Jefferson County Jail where he was confined to a space against his will, not allowing him to freely move against his will.

38.

The Defendant, Brown, acted willfully and with malice in detaining Plaintiff for no legal or lawful purpose. At no time did the Plaintiff consent to being detained and restricted by the Defendant. The Defendant had no legal basis or probable cause to restrain, detain and arrest and the Plaintiff.

39.

As further direct and proximate result of the conduct described above, Ronald K. Davis suffered injuries to his right hand and wrist and multiple other injuries. Ronald K. Davis suffered loss of his liberty and freedom, bodily injury resulting in pain and suffering, mental anguish, and medical expenses for treatment and care.

**FOURTH CLAIM FOR RELIEF**
**Intentional Infliction of Emotional Distress**
(Against Defendant Brown)

40.

Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 39 of this Complaint.

41.

The unlawful and malicious actions by Defendant Brown was extreme and outrageous, intended to cause severe emotional distress to the Plaintiff and the Defendants' conduct did in fact cause the Plaintiff severe emotional distress.

42.

Plaintiff was on his own premises, filming his friend's arrest from a number of feet away. Plaintiff was unlawfully and aggressively grabbed by Defendant Brown, thrown to the ground and placed in handcuffs by Brown.

43.

Though there was no evidence of violation of any applicable laws, the Defendant apprehended the Plaintiff, notwithstanding probable cause. Defendant placed Plaintiff under arrest in front of his friends and neighbors, publicly humiliating him.

44.

Any person in the same or similar capacity of the Defendant would expect that the Defendant's conduct would place a reasonable person in shock and humiliating the Plaintiff by wrongfully arresting him before his friends and neighbors who looked on to the series of events, intentionally caused severe emotional distress. Further, the conduct by the Defendants did in fact cause severe emotional distress to Plaintiff.

**_Monell_ Liability: The City's Longstanding Policy, Practice, and/or Custom of Using Excessive Force was a Moving Force Behind and Caused Davis' Injuries**

45.

The City of Beaumont is liable for all damages referenced in these pleadings, including those suffered by Ronald K. Davis, pursuant to *Monell v. Department of Soc. Servs.*, 436 U.S. 658 (1978) and its progeny. Such liability arises due to the action and/or inaction of the chief

policymaker for the City of Beaumont and/or Beaumont Police Department regarding material issues in this case. The chief policymaker, Defendant James Singletary, was the chief of police at all relevant times, or the chief policymaker for the City had delegated such chief policymaking authority, regarding police activities, to the chief of police. Defendant Singletary and The City's action and inaction otherwise referenced in this pleading, related to alleged damages, and its policies, practices, and/or customs, were moving forces behind, resulted in, were producing causes of, and were proximate causes of the referenced constitutional violations and damages.

46.

Upon information and belief, the City's longstanding policy, practice, and/or custom of using excessive force was a moving force behind and caused Mr. Davis' injuries. The City of Beaumont has been sued a number of times for alleged excessive force claims. Upon information and belief, a number of the material allegations made in those lawsuits will be shown to be true. Further, Officer Brown's conduct and the City of Beaumont's treatment of Officer Brown following Mr. Davis' injuries (and cover-up of their conduct) is also evidence of such a policy, practice, and/or custom of the City of Beaumont encouraging, condoning, and allowing the use of excessive force by its police officers.

47.

A. The City's Ratification of Brown's Conduct Reflects a Policy and/or Custom of Excessive Force

48.

Upon information and belief, the City of Beaumont failed to discipline Officer Brown as a result of the unconstitutional seizure and use of force. Upon information and belief, Officer Brown was not given any time off without pay, was not disciplined, was not reprimanded, was not instructed to act in any different manner in the future and was not instructed to participate in any additional training and/or education.

49.

The City's failure to discipline Brown in this matter is no surprise. Rather, it is an invitation to Brown and other officers for the City to engage in like conduct. It is a statement by the City that its peace officers can use excessive force without regard to the rights of the citizens and without fear of retribution in any form, whether in discipline or discharge. The City was also aware that its employees' accounts of the events in question were misleading or false. The City was in possession of information of eye witnesses statements and/or testimony directly at odds with Brown's version of the incident.

50.

B. The City had actual or constructive knowledge of persistent, widespread use of excessive force that has become so common and well settled as to constitute a custom that fairly represents the municipal police.

51.

The City has long known that the use of excessive force is widespread and persistent. At the time of the event in question, the City possessed evidence of similar incidents in which citizens were injured and endangered by intentional or negligent police misconduct and/or serious incompetence. The City possessed actual or constructive knowledge of such similar incidents. As previously noted in other litigation against the City of Beaumont[1], from March 22, 2008 through March 22, 2018, the City shows the following Citizen Complaints:

[1] *James York, et al v. City of Beaumont, et al*; Cause No. 1:18-cv-0052 in the Eastern Division of Texas, Beaumont Division.

Citizen Complaint incidents received between Mar 22, 2008 - Mar 22, 2018
By Allegation

| | | |
|---|---|---|
| [No data entered]: | 1 | 0.89% |
| Department Policy: | 11 | 9.82% |
| Department Policy / Fail to Use Video: | 1 | 0.89% |
| Fail to Take Action: | 11 | 9.82% |
| Misconduct: | 3 | 2.68% |
| Off-Duty Conduct: | 2 | 1.79% |
| Officer Procedure: | 7 | 6.25% |
| Officer Procedure (Reporting Use of Force): | 1 | 0.89% |
| Profiling: | 2 | 1.79% |
| Property Damage: | 2 | 1.79% |
| Rude Conduct: | 5 | 4.46% |
| Unauthorized Use of Force: | 26 | 23.21% |
| Unlawful Arrest: | 5 | 4.46% |
| Unprofessional Conduct: | 31 | 27.68% |
| Unreasonable Use of Force: | 4 | 3.57% |

52.

The above information was received from a FOIA request. As detailed, it demonstrates several categories of data applicable to the case at hand. For the time period noted, there are several noted complaint areas pertaining to use of force and off-duty conduct. Of those complaints, the following table illustrates the outcome:

Citizen Complaint incidents received between Mar 22, 2008 - Mar 22, 2018
By Finding

| | | |
|---|---|---|
| [No data entered]: | 9 | 8.04% |
| Documented: | 2 | 1.79% |
| Exonerated: | 44 | 39.29% |
| Not Sustained: | 10 | 8.93% |
| Sustained: | 21 | 18.75% |
| Unfounded: | 20 | 17.86% |
| Withdrawn: | 6 | 5.36% |

53.

As is evident, most of the complaints go unheeded. Much like the whitewashing of excessive force pertaining to Officer Brown, it appears that the City's treatment of allegations of excessive force is systemic in its lack of concern or discipline pertaining to the matters. And, while the above are pertaining to Citizen Complaints, the following information is pertaining to Administrative Complaint incidents:

Administrative Complaint incidents received between Mar 22, 2008 - Mar 22, 2018
By Allegation

| | | |
|---|---|---|
| Department Policy: | 105 | 45.85% |
| Department Policy - (Untruthfulness): | 1 | 0.44% |
| Department Policy -Tardiness: | 1 | 0.44% |
| Fail to Qualify: | 5 | 2.18% |
| Fail to Take Action: | 12 | 5.24% |
| Firearms Discharge: | 2 | 0.87% |
| Misconduct: | 18 | 7.86% |
| Missing Property/Money: | 3 | 1.31% |
| Off-Duty Conduct: | 8 | 3.49% |
| Officer Procedure: | 20 | 8.73% |
| Other: | 5 | 2.18% |
| Performance Standard: | 7 | 3.06% |
| Police Vehicle Accident: | 2 | 0.87% |
| Property Damage: | 1 | 0.44% |
| Rude Conduct: | 1 | 0.44% |
| Unauthorized Use of Force: | 2 | 0.87% |
| Unlawful Arrest: | 1 | 0.44% |
| Unprofessional Conduct: | 17 | 7.42% |
| Use of Force: | 18 | 7.86% |

54.

Plaintiff expects discovery to clarify the limited information received. As reflected in these complaints, the majority or substantial portion of the complaints are for use of force and officer misconduct. However, the percentage of complaints that result in any discipline or further action is limited and a small portion of the data received. This further exhibits a tolerance by the City of officer misconduct regarding the use of force which leads its officers to believe they can act with impunity, whether on- or off-duty.

55.

By allowing a policy "code of silence" to cover up officers' use of excessive force, especially Officer Brown, by fabricating accounts to the media and in official reports and internal affairs investigations, the City has exhibited a custom or policy of covering up constitutional violations. As part of this official policy or custom, Officer Brown used excessive force with the knowledge that no disciplinary action would be taken against him by the Police Department.

C. <u>Defendant City's failure to train its police officers constitutes deliberate indifference to the rights and welfare of the citizens of Beaumont.</u>

56.

Defendant City's failure to train constitutes a §1983 action because the City had (1) inadequate training procedures; (2) inadequate training of Brown caused him to use excessive force, and (3) the City's policymakers were deliberately indifferent to Brown's excessive use of force. BPD failed to provide Brown training for:

(a) Appropriate and adequate information for first response by officers;

(b) Proper use of crisis intervention techniques; and

(c) Limiting excessive use of force.

57.

Defendant City's violations outlined *supra* were the moving force behind the constitutional violation. "Where police officers know at the time they act that their use of deadly force in conscious disregard of the rights and safety of innocence third parties will meet with the approval of city policymakers, the affirmative link/moving force requirement is satisfied." *Grandstaff v. City of Borger*, 767 F.2d 161, 170 (5th Cir. 1985).

58.

At the time of the incident, Officer Brown had no reason to believe that Mr. Davis was dangerous because:

(a) Ronald K. Davis made no violent movements towards Officer Brown and Pratt;

(b) Brown approached Davis, not vice-versa. Brown threatened Davis, not vice-versa;

(c) Ronald K. Davis did not have a gun and was a number of feet from any officer or any other person while filing the arrest;

(d) Officer Brown witnessed Ronald K. Davis filming the scene from a distance, but continued to escalate the conflict by approaching and threatening Davis at a time while Davis was calm;

(e) Ronald K. Davis never attempted flight or escape from Officer Brown in his official capacity as an officer;

(f) Ronald K. Davis did not resist arrest;

(g) Ronald K. Davis did not threaten members of the community at large;

(h) Ronald K. Davis did not threaten Officer Brown.

59.

Therefore, by using subjectively and objectively unreasonable force while acting under color of state law, Defendant Brown violated Plaintiff's rights under the Fourth Amendment of the United States Constitution and caused wrongful injuries.

60.

Defendant Brown's conduct, which was objectively unreasonable, resulted from his lack of training, and comported with the City of Beaumont, Texas and Beaumont Police Department's improper and/or illegal policies and practices.

61.

In the alternative, without waiving any of the other causes of action pled herein, without waiving any procedural, contractual, statutory, or common-law right, and incorporating all other allegations herein (including all factual allegations above) to the extent they are not inconsistent with the cause of action pled here, Defendant City of Beaumont is liable to the Plaintiff, pursuant to 42 U.S.C. § 1983, for violating Mr. Davis' rights guaranteed by the Fourth Amendment alone, and/or in addition and/or in the alternative as the Fourth Amendment has been incorporated to apply to the States pursuant to the Fourteenth Amendment. Officer Brown was,

at all times referenced in this pleading, acting in the course and scope of his duties of and for the City of Beaumont, and was acting under color of state law. The City acted or failed to act under color of state law at all relevant times.

62.

Upon information and belief, the City's customs, practices, and/or policies caused, were proximate causes or, and/or were producing causes of all damages referenced herein. The Beaumont Chief of Police was the chief policymaker at all times relevant to this pleading, and he was the one that determined the customs, practices, and policies referenced herein, or the City's chief policymaker had delegated to the Beaumont Chief of Police such chief policymaking authority. The chief policymaker's failure to adopt, upon information and belief, policies referenced in this pleading, as well as his failure to stop customs, practices, and policies which developed and which are mentioned in this pleading, were intentional choices. Thus, the City was deliberately indifferent to, and acted in an objectively unreasonably manner regarding, Mr. Davis' constitutional rights (as well as the rights of any others who suffered Fourth Amendment violations at the hands of Beaumont police officers). Upon information and belief, the City's customs, practices, and/or policies were moving forces behind the violation of Mr. Davis' right and showed deliberate indifference to the known or obvious consequences of constitutional violations. They also, upon information and belief, caused, were proximate causes or, and were producing causes of all damages resulting from unconstitutional excessive force against and seizure of Mr. Davis.

63.

Plaintiff seeks from the City reasonable and necessary attorneys' fees pursuant to 42 U.S.C. §§ 1983 and 1988.

## PRAYER FOR RELIEF

Plaintiff prays that this Court enter judgment for the Plaintiff and against each of the Defendants and grant:

A. Compensatory and consequential damages, including damages for emotional distress, humiliation, loss of enjoyment of life, and other pain and suffering on all claims allowed by law in an amount in excess of $1,000,000.00;

B. Economic losses on all claims allowed by law;

C. Special damages in an amount to be determined at trial;

D. Punitive damages on all claims allowed by law against all Defendants and in an amount in excess of $1,000,000.00;

E. Attorneys' fees and the costs associated with this action under 42 U.S.C § 1988, including expert witness fees, on all claims allowed by law;

F. Pre-and post-judgment interest at the lawful rate; and,

G. Any further relief that this court deems just and proper, and any other appropriate relief a law and equity.

**PLAINTIFF REQUESTS A TRIAL BY JURY.**

Respectfully submitted this 21st day of January 2022.

Respectfully submitted,

**WELLER, GREEN, TOUPS & TERRELL L.L.P.**
P.O. BOX 350
BEAUMONT, TX 77704-0350
(409) 838-0101
(409) 832-7823 FAX
hartgr@wgttlaw.com

**BY:**______________________________
**E. HART GREEN**
STATE BAR NO. 08349290
FEDERAL BAR NO. 24121

**ATTORNEY FOR PLAINTIFF**